UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE, ppa Mother Doe,<br>MOTHER DOE, individually and<br>FATHER DOE, individually,<br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>LEI LANIE D'AGOSTINO,<br>NICOLE E. CARRIE,<br>ROBERT PENTA, individually and in his official<br>capacity, as Principal of the Brackett School,<br>KATHLEEN F. DONOVAN, individually and in her official<br>capacity as Superintendent of the Arlington School District,<br>JOANI LaMACHIA, individually and in her official<br>capacity as Arlington School Committee Member,<br>BARBARA C. GOODMAN, individually and in her official<br>capacity as Arlington School Committee Member,<br>DAVID W. MCKENNA, individually and in his official<br>capacity as Arlington School Committee Member,<br>DENIS J. SULLIVAN, individually and in his official<br>capacity as Arlington School Committee Member,<br>PAUL SCHLICHTMAN, individually and in his official<br>capacity as Arlington School Committee Member,<br>SUZANNE OWAYDA, individually and in her official<br>capacity as Arlington School Committee Member,<br>MARTIN J. THROPE, individually and in his official<br>capacity as Arlington School Committee Member,<br>the ARLINGTON SCHOOL COMMITTEE and<br>the TOWN OF ARLINGTON,<br>　　　　　　　　Defendants. | Civil Action<br>No. 02-11194JLT |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

This action arises out of a fifth grade teacher's sexual assault, sexual harassment,

physical assaults, and physical and emotional abuse and emotional and/or psychological

manipulation of the Minor Plaintiff during her fifth grade elementary school year, 2000 to

2001. Further to the claims against the fifth grade teacher, the plaintiffs' action seeks to

hold the teacher's supervisors and employers responsible as they knew or should have been aware of the defendant teacher's abusive behavior towards minors and failed and neglected to take reasonable steps to protect the Minor Plaintiff from abuse and injury.

## Parties

1.      Plaintiffs Mother Doe and Father Doe, reside in Arlington, Middlesex County, Massachusetts and bring this action on their own behalf and on the behalf of their minor child, Jane Doe (hereafter referred to as "Mother Doe," "Father Doe" and "Minor Plaintiff," respectively).

2.      Upon information and belief, defendant Lei Lanie D'Agostino is a Massachusetts resident and was the teacher of a fifth grade class at the Brackett School in Arlington, Massachusetts ("Brackett School") during all or a portion of the period pertinent to this Complaint.  She is being sued in her individual capacity.

3.      Upon information and belief, defendant Nicole E. Carrie is a Massachusetts resident and was the teacher's aide assigned to defendant Lei Lanie D'Agostino and defendant Lei Lanie D'Agostino's fifth grade class at the Brackett School during the 2000-2001 school year.  Ms. Carrie is being sued in her individual capacity and in her official capacity as teacher's aide at the Brackett School.

4.      Upon information and belief, the defendant Robert Penta is a Massachusetts resident and was the principal of the Brackett School during all or a portion of the period pertinent to this Complaint.  Mr. Penta is being sued in his individual capacity and in his official capacity as principal of the Brackett School.

5.      Upon information and belief, defendant Kathleen F. Donovan is a Massachusetts resident and was the superintendent of the Arlington School System for

the Town of Arlington, Massachusetts during all or a portion of the period pertinent to this Complaint. Ms. Donovan is being sued in her individual capacity and in her official capacity as Superintendent of the Arlington School System for the Town of Arlington, Massachusetts.

6.      Upon information and belief, defendant Joani LaMachi resides at Six Shawnee Road, Arlington, Middlesex County, Massachusetts and was a duly elected Arlington School Committee Member during all or a portion of the period pertinent to this Complaint. Ms. LaMachi is being sued in her individual capacity and in her official capacity as Arlington School Committee Member.

7.      Upon information and belief, defendant Barbara C. Goodman resides at 31 Walnut Street, Arlington, Middlesex County, Massachusetts and was a duly elected Arlington School Committee Member during all or a portion of the period pertinent to this Complaint. Ms. Goodman is being sued in her individual capacity and in her official capacity as Arlington School Committee Member.

8.      Upon information and belief, defendant David W. McKenna resides at 77 Sunset Road, Arlington, Middlesex County, Massachusetts and was a duly elected Arlington School Committee Member during all or a portion of the period pertinent to this Complaint. Mr. McKenna is being sued in his individual capacity and in his official capacity as Arlington School Committee Member.

9.      Upon information and belief, defendant Denis J. Sullivan resides at 32 Paul Revere Road, Arlington, Middlesex County, Massachusetts and was a duly elected Arlington School Committee Member during all or a portion of the period pertinent to

3

this Complaint.  Mr. Sullivan is being sued in his individual capacity and in his official capacity as Arlington School Committee Member.

10.     Upon information and belief, defendant Paul Schlichtman resides at 60 Pleasant Street, Arlington, Middlesex County, Massachusetts and was a duly elected Arlington School Committee Member during all or a portion of the period pertinent to this Complaint.  Mr. Schlichtman is being sued in his individual capacity and in his official capacity as Arlington School Committee Member.

11.     Upon information and belief, defendant Suzanne Owayda resides at 12 Bradley Road, Arlington, Middlesex County, Massachusetts and was a duly elected Arlington School Committee Member during all or a portion of the period pertinent to this Complaint.  Ms. Owayda is being sued in her individual capacity and in her official capacity as Arlington School Committee Member.

12.     Upon information and belief, defendant Martin J. Thrope resides at 348 Gray Street, Arlington, Middlesex County, Massachusetts and was a duly elected Arlington School Committee Member during all or a portion of the period pertinent to this Complaint.  Mr. Thrope is being sued in his individual capacity and in his official capacity as Arlington School Committee Member.

13.     Upon information and belief, defendant Arlington School Committee is a political subdivision of the Commonwealth of Massachusetts located in Arlington, Middlesex County, Massachusetts and oversaw the operation of the Arlington Public Schools and defendant Kathleen F. Donovan's performance of her duties as Superintendent of the Arlington Public School System during all or a portion of the period pertinent to this Complaint (hereafter "Defendant School Committee").

14.     Upon information and belief, defendant Town of Arlington is a political subdivision of the Commonwealth of Massachusetts located in Arlington, Middlesex County, Massachusetts and oversaw the disbursement of federal funds to the Arlington public schools during all or a portion of the period pertinent to this Complaint (hereafter the "Defendant Town").

### Jurisdiction and Venue

15.     Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1434(3) and 1367(a) of Title 28 and §§ 1983 and 1988 of Title 42 of the United States Code.

16.     Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 as the claims arose in this judicial district.

### Facts

17.     The Defendant Town is the recipient of federal financial assistance on behalf of its public schools.

18.     During all or a portion of the period pertinent to this Complaint, defendants Lei Lanie D'Agostino ("Defendant D'Agostino"), Nicole E. Carrie ("Defendant Carrie"), Robert Penta ("Defendant Penta") and Kathleen F. Donovan ("Defendant Donovan"), the individuals defendants in this action, were employees of the Defendant Town's public schools and were acting within the scope of their authority as employees of the Defendant Town's public schools.

19.     During all or a portion of the period pertinent to this Complaint, defendants Joani LaMachia, Barbara C. Goodman, David W. McKenna, Denis J. Sullivan, Paul Schlichtman, Suzanne Owayda and Martin J. Thrope were duly elected

members of the Defendant School Committee and were acting within the scope of their authority as duly elected members of the Defendant School Committee.

20.     During all or a portion of the period pertinent to this Complaint, one or more of the individual defendants had final authority to formulate policy in their areas of responsibility.

21.     Upon information and belief, Defendant D'Agostino has been employed as a fifth grade teacher by the Arlington Public Schools for the Brackett School ("Brackett School") since at least 1994.

22.     Upon information and belief, Defendant Carrie was present and witnessed some of Defendant D'Agostino's harassing and abusive conduct toward Minor Plaintiff and other minor students in Defendant D'Agostino's fifth grade classroom during the 2000-2001 school year as described more fully below.

23.     Upon information and belief, Defendant D'Agostino's harassing and abusive conduct toward minor students was reported to Defendant Penta beginning as early as the 1994-1995 school year.

24.     Upon information and belief, Defendant D'Agostino's harassing and abusive conduct toward minor students was observed and reported to supervisory personnel of the Defendant Town including Defendant Penta, Defendant Donovan and members of the Defendant School Committee on numerous occasions beginning as early as the 1994-1995 school year.

25.     Despite being put on notice of Defendant D'Agostino's harassing and abusive conduct, the defendants failed to take reasonable and sufficient steps to investigate and remediate Defendant D'Agostino's abusive and unlawful conduct.

26.     Minor Plaintiff attended Brackett School and was a student of Defendant D'Agostino's fifth grade class in the 2000-2001 school year and was caused to suffer over nine months of physical injury, indignities, humiliation, severe emotional distress, mental anguish and invasion of her bodily integrity and still continues to suffer emotional distress and mental anguish to this date as a result of Defendant D'Agostino's harassing and abusive conduct which unlawful, unwarranted and abusive conduct included, among other things:

a.     Defendant D'Agostino insisting that Minor Plaintiff kiss and hug Defendant D'Agostino.

b.     Defendant D'Agostino insisting that Minor Plaintiff hold Defendant D'Agostino's hands and sit on Defendant D'Agostino's lap.

c.     Defendant D'Agostino "rubbing" Minor Plaintiff's hands during a movie that the fifth grade class was watching.

d.     Defendant D'Agostino insisting that Minor Plaintiff repeatedly yell "Good Morning Miss D'Agostino" each morning until it was sufficiently loud enough for Defendant D'Agostino's satisfaction.

e.     Defendant D'Agostino insisting that Minor Plaintiff eat lunch with Defendant D'Agostino rather than in the lunchroom with her classmates.

f.     Defendant D'Agostino insisting on numerous occasions that Minor Plaintiff bring lunch to school for Defendant D'Agostino.

g.     Defendant D'Agostino insisting that Minor Plaintiff give Defendant D'Agostino her email password.

h.     Defendant D'Agostino sending Minor Plaintiff personal emails.

i.  Defendant D'Agostino habitually calling Minor Plaintiff various nicknames including "Pip," "Sick Chick" and "Little Prince" and insisting that Minor Plaintiff call her "Fox."

j.  Defendant D'Agostino telling Minor Plaintiff that girls should match their underwear with what they were wearing on top and Defendant D'Agostino "checking" that Minor Plaintiff's underwear and bra matched on several occasions in front of Minor Plaintiff's classmates.

k.  Defendant D'Agostino telling Minor Plaintiff in front of her classmates that Minor Plaintiff was not wearing a bra, but was only wearing an undershirt.

l.  Defendant D'Agostino stating in front of Minor Plaintiff and her classmates that Minor Plaintiff's mother "cleans toilets for a living."

m.  Defendant D'Agostino stating in front of Minor Plaintiff and her classmates that Minor Plaintiff had cheated on a test, explaining to Minor Plaintiff's classmates how Minor Plaintiff allegedly cheated, then asking the class to vote on whether Minor Plaintiff had cheated on the test. Defendant D'Agostino also told Minor Plaintiff's classmates what Minor Plaintiff's grade on the test was reduced to.

n.  Defendant D'Agostino asking Minor Plaintiff, in front of her classmates, if she had properly washed her hands after using the lavatory, insisting on another classmate smelling Minor Plaintiff's hands to ensure that Minor Plaintiff had properly washed her hands after using the lavatory and then

8

lecturing the class on how to properly wash hands by giving a demonstration using Minor Plaintiff's hands.

o.    Defendant D'Agostino asking Minor Plaintiff, in front of classmates, if she had properly brushed her teeth and demonstrating to Minor Plaintiff and her classmates the appropriate procedure for removing plaque from teeth by brushing Minor Plaintiff's teeth with a popsicle stick in front of her classmates.

p.    Defendant D'Agostino stating in front of Minor Plaintiff and her classmates that the vinegar smell in Defendant D'Agostino's classroom emanated from Minor Plaintiff "since she only bathed once a week,"

q.    Defendant D'Agostino ordering Minor Plaintiff, in front of her classmates, to go to her locker and put on deodorant.

r.    Defendant D'Agostino examining Minor Plaintiff for ringworm in front of Defendant Carrie which examination included pulling Minor Plaintiff's shirt up and pulling Minor Plaintiff's pants down exposing Minor Plaintiff's private area and touching Minor Plaintiff's lower abdomen and then, after Minor Plaintiff's classmates returned, giving the class a "health lecture" on ringworm stating (while looking directly at Minor Plaintiff) that someone in the class had ringworm, that it was an "actual worm" that made circular rashes on the body from the inside and that it "really smells." Although Defendant D'Agostino later told the class that ringworm was not an actual worm, she repeated the part about it smelling and someone in the class having it.

s.    Defendant D'Agostino stating in her classroom in front of Minor

Plaintiff's classmates that "everyone could see [Minor Plaintiff's] private

parts."

t.    Defendant D'Agostino derogatorily referring to Minor Plaintiff's crying in

front of Minor Plaintiff's classmates with such statements as "Class, why

do you think [Minor Plaintiff] cries so much in school?  Do you think it's

on account of her wanting a little attention?" and have a lengthy

discussion with Minor Plaintiff's classmates on what they thought proper

punishment should be for Minor Plaintiff's crying.

u.    Defendant D'Agostino pushing in on Minor Plaintiff's lower abdomen

when Minor Plaintiff requested to go to the lavatory in an attempt to get

Minor Plaintiff to urinate in her underpants.

v.    Defendant D'Agostino, while observing water on the hallway steps,

asking in front of Minor Plaintiff's classmates "Oh Pip, did you piddle?"

w.    Defendant D'Agostino directing Minor Plaintiff's classmate(s) to pour

water on the floor near Minor Plaintiff's desk and then stating that Minor

Plaintiff "piddled" on the floor.

x.    Defendant D'Agostino insisting that Minor Plaintiff's shirt needed to be

"lint rolled" and repeatedly rolling a lint roller over Minor Plaintiff's chest

area.

y.    Defendant D'Agostino giving Minor Plaintiff approximately one hundred

science questions to Minor Plaintiff that she "needed" to study in

preparation of the MCAS test, telling Minor Plaintiff that said questions

covered things Minor Plaintiff had learned either that school year or in the previous school year all the while knowing that those questions were designed for children older than Minor Plaintiff and that Minor Plaintiff had never learned that information and was not required to know that information for the MCAS test.

z.    Defendant D'Agostino, in response to Minor Plaintiff asking Defendant D'Agostino how she could help prepare the classroom for literary night, telling Minor Plaintiff, during school hours, to "just go home."

aa.    Defendant D'Agostino playing with Minor Plaintiff's hands and knees while sitting under a desk at which Minor Plaintiff was seated and then insisting that Minor Plaintiff sit under the desk while Defendant D'Agostino sat at the desk.

bb.    Upon information and belief, Defendant D'Agostino putting notes in Minor Plaintiff's desk derogatory towards Defendant D'Agostino and then accusing Minor Plaintiff of writing the same in front of her classmates.

cc.    Upon information and belief, Defendant D'Agostino taking items from Minor Plaintiff's desk, accusing Minor Plaintiff of losing said items in front of her classmates.

27.    From mid April of 2001 until June 12, 2001, Minor Plaintiff regularly asked her mother, Mother Doe, to pray with her with such requests as "Mom, pray for me that I have a good day today – no stress."

28.    Since September of 2000 until at least June of 2001, due to Defendant D'Agostino's abusive conduct Minor Plaintiff has suffered emotional trauma and upset as

evidenced by chronic constipation, unprecipitated verbal outbursts, excessive emotional responses such as frequent crying, vastly increased nail biting.

29.     A few days before March 30, 2001, Mother Doe told Defendant D'Agostino that Mother Doe was considering moving to New Hampshire with Minor Plaintiff after the 2000 – 2001 school year to join Father Doe who had moved to New Hampshire earlier than Mother Doe and Father Doe had previously planned in part to avoid legal problems.

30.     In the morning on or about March 30, 2001, Defendant D'Agostino called Mother Doe and asked if she could speak with Mother Doe when she dropped Minor Plaintiff off at school, which Mother Doe agreed to do.  During that early morning meeting, Defendant D'Agostino told Mother Doe that "for the record" she "didn't agree with [Mother Doe's] decision to move to New Hampshire with [Minor Plaintiff]" and that "the law could take [Minor Plaintiff] away and put her in foster care."  Mother Doe told Defendant D'Agostino that "[j]ust for the record [Defendant D'Agostino], I didn't ask you!"

31.     In the afternoon on or about March 30, 2001, Defendant D'Agostino called Mother Doe at her home during which conversation Mother Doe apologized for telling Defendant D'Agostino about her intent to move to New Hampshire but also told Defendant D'Agostino that Minor Plaintiff was no longer permitted to accept rides home from Defendant D'Agostino.

32.     On or about April 7, 2001, Mother Doe and Minor Plaintiff went to New Hampshire for the weekend.  That following Monday, April 9, 2001, Defendant Penta left a message for Mother Doe that there was "something quite unusual in his office."

12

33.     Upon receiving the message on April 9, 2001, Mother Doe immediately
went to Defendant Penta's office at the Brackett School where she was met by Arlington
Police Officer Donald Brown ("Officer Brown").  Defendant Penta explained to Mother
Doe a letter addressed to him from a "Front Burner Child Investigation Agency" had
apparently been hand delivered and left in his "box" at Brackett School.  The envelope
was marked "URGENT" and there was neither a postmark nor a return address on the
envelope.  There was also no return address, telephone number or signature on the typed
letter addressed to Defendant Penta and enclosed in the envelope.  The letter stated that
"Front Burner [wa]s a private investigation agency that [wa]s committed to confidentially
get aggressively addressing claims of acts involving emotional, physical and/or sexual
abuse and/or neglect of children seventeen years and younger. . . . [and that] [it] was
contacted and a claim was filed against, [Mother Doe], whose daughter [Jane Doe], is a
fifth grade student attending [Brackett School]" (hereafter referred to as "Fraudulent
Abuse Letter").  Officer Brown contacted the Department of Social Services who stated
that they had "never heard of such an agency and believes the letter to be quite bizarre."

34.     On or about April 9, 2001, Defendant D'Agostino called Mother Doe and
told Mother Doe that she had "checked with people" at the Brackett School to find out
who wrote the Fraudulent Abuse Letter, but that no one knew who wrote it.  Mother Doe
accused Defendant D'Agostino of being involved with the writing of the Fraudulent
Abuse Letter and stated that "now I think I may now why [Minor Plaintiff] has been
crying all year."  Mother Doe then instructed Defendant D'Agostino that no one,
especially Defendant D'Agostino was to have any "conferences" with Minor Plaintiff
including no tutoring after school, and that if Minor Plaintiff cried during school again,

Mother Doe was to be contacted immediately and would come to the Brackett School and handle the situation.

35.     On or about April 9, 2001, Mother Doe instructed Minor Plaintiff to, under no circumstances, have any one-on-one conferences with either Defendant D'Agostino or Defendant Carrie nor any contact with Defendant D'Agostino other than contact necessary during school hours.

36.     On or about May 3, 2001, Mother Doe, in response to a message that Minor Plaintiff was upset, arrived at the Brackett School approximately an hour and a half later and had a conference alone with Minor Plaintiff.  During that conference, Minor Plaintiff explained that she did not understand the math exercise and that she had been moved to a different table to work on the math, but was not given any assistance on the math and got upset.  After a brief period alone, Defendant D'Agostino and Defendant Carrie interrupted Mother Doe's conference with Minor Plaintiff to "clear things up." Defendant Carrie admitted that neither she nor Defendant D'Agostino helped Minor Plaintiff with the math exercise but instead Defendant Carrie had asked Minor Plaintiff to explain her reasons for crying on an index card which essentially stated that Minor Plaintiff was upset because she did not understand the math exercise.  Mother Doe became upset and demanded to know why neither Defendant D'Agostino nor Defendant Carrie had assisted Minor Plaintiff with the math exercise.

37.     On or about May 4, 2001, Mother Doe delivered a letter to Defendant D'Agostino instructing Defendant D'Agostino to desist from meeting with Minor Plaintiff in private or on a one-on-one basis, that Mother Doe would discuss the problem

14

with Minor Plaintiff alone without teacher interference and specifically instructed Defendant D'Agostino to have absolutely no private conferences with Minor Plaintiff.

38.    Upon information and belief, after receiving Mother Doe's letter restricting Defendant D'Agostino's private "conferences" with Minor Plaintiff, Defendant D'Agostino had at least one private "conference" with Minor Plaintiff.

39.    Sometime between May 14, 2001 and May 25, 2001, Defendant D'Agostino asked Minor Plaintiff if she could see a book that Minor Plaintiff was reading – Chicken Soup for Kids. Defendant D'Agostino then proceeded to ridicule Minor Plaintiff's book in front of Minor Plaintiff's classmates and induced Minor Plaintiff's classmates to also ridicule Minor Plaintiff's book. Minor Plaintiff became upset and told Defendant D'Agostino that she was upset because Defendant D'Agostino and Minor Plaintiff's classmates were making fun of her book. Defendant D'Agostino said "here's your book" and tossed the book onto Minor Plaintiff's desk.

40.    On or about May 31, 2001, despite having received Mother Doe's restricting Defendant D'Agostino from having private "conferences" with Minor Plaintiff, Defendant D'Agostino had a private "conference" with Minor Plaintiff at a desk set apart from Minor Plaintiff's classmates who were doing a group activity. During that conference Defendant D'Agostino told Minor Plaintiff not to worry about the Fraudulent Abuse Letter and said stated "I took care of that for your mom. No one is ever going to take you away from your family. But you know what the sad thing is? Your mom will never be able to prove who wrote that letter."

41.     On or about June 5, 2001, Defendant D'Agostino, in direct defiance of Mother Doe's request, insisted that Minor Plaintiff and Minor Plaintiff's friend stay after school to, in part, watch a movie.

42.     On or about June 12, 2001, Mother Doe learned, for the first time, that Defendant D'Agostino had had a private conference with Minor Plaintiff directly defying Mother Doe's written request that Defendant D'Agostino not have any private conferences with Minor Plaintiff.

43.     On or about June 12, 2001, Mother Doe went to Defendant D'Agostino's fifth grade classroom at the Brackett School after school was dismissed to pick up Minor Plaintiff and Minor Plaintiff's friend.  Defendant D'Agostino hovered over Mother Doe and repeatedly asked Mother Doe if anything was wrong to which Mother Doe responded that she had learned that Defendant D'Agostino had defied Mother Doe's instructions to not have any private conferences with Minor Plaintiff.  Mother Doe instructed Minor Plaintiff and her friend to follow her and left the classroom with Defendant D'Agostino following her.  Defendant D'Agostino followed Mother Doe down the hall insisting that Mother Doe speak with Defendant Penta to which Mother Doe refused.  Defendant D'Agostino instructed Minor Plaintiff and her friend not to move and left.  Mother Doe ordered Minor Plaintiff and her friend to follow her and they did.  Upon reaching her Mother Doe's car, another teacher confronted Mother Doe and insisted that Mother Doe return to the Brackett School and speak with Defendant Penta.  Mother Doe refused and left the Brackett School.

44.     On or about June 12, 2001, Minor Plaintiff described for Mother Doe in great detail for the first time Defendant D'Agostino's harassing and abusive conduct

toward Minor Plaintiff and other minor students in Defendant D'Agostino's fifth grade classroom during the 2000-2001 school year.

45.     As early as June 13, 2001, Mother Doe reported her concerns regarding Defendant D'Agostino's harassing and abusive conduct towards the Minor Plaintiff to Defendant Penta.

46.     On or about June 13, 2001, Mother Doe notified Defendant LaMachia of Defendant D'Agostino's alleged harassing and abusive conduct toward minor students and, in particular, Minor Plaintiff.

47.     On or about June 17, 2001, Mother Doe notified Defendant Goodman of Defendant D'Agostino's alleged physical and emotional abuse of minor students and, in particular, Minor Plaintiff.

48.     On or about June 17, 2001, Defendant Penta notified Mother Doe that is she did not attend a meeting with himself, Defendant D'Agostino and Defendant Donovan that same day, then he would have not choice but to report Minor Plaintiff to the truant officer.  Mother Doe refused.

49.     On or about June 19, 2001, Mother Doe advised Defendant Donovan, in her capacity as Arlington School District Superintendent of Defendant D'Agostino's inappropriate conduct towards Minor Plaintiff and requested that Defendant Donovan investigate Defendant D'Agostino's conduct immediately.

50.     On or about August 17, 2001, Plaintiffs presented their claims to Kathleen Donovan, Arlington School District Superintendent, the executive officer of the Arlington School District, regarding Plaintiffs' claims that Defendant D'Agostino had

physically and emotionally abused Minor Plaintiff during the course of her employment

as fifth grade school teacher at the Brackett School pursuant to M.G.L. c. 258, § 4.

51.     On or about October 12, 2001, the Arlington School District

Superintendent's attorney, Joan L. Stein, advised the Plaintiffs that the investigation of

Defendant D'Agostino would be handled internally by the Superintendent.

52.     On or about October 16, 2001, Plaintiffs asked Defendant Donovan to

provide them with the results of the "internal investigation" of Defendant D'Agostino.

53.     On or about October 22, 2001, Plaintiffs again asked Defendant Donovan

to provide them with the results of the "internal investigation" of Defendant D'Agostino.

54.     On or about October 23, 2001, the Arlington School District

Superintendent's attorney, Joan L. Stein, advised the Plaintiffs that any concerns

regarding Defendant D'Agostino raised by the "internal investigation" would be handled

internally by the Superintendent and instructed Plaintiffs not to contact Defendant

Donovan directly.

55.     Over six months have passed and Defendants have still not advised

Plaintiffs of the outcome of the Superintendent's "internal investigation" or what steps

the Defendants took to reprimand Defendant D'Agostino or otherwise remediate the

situation as required under M.G.L. c. 258, § 4.

56.     In fact, the Defendants are still employing Defendant D'Agostino to teach

fifth grade students at the Brackett School and, upon information and belief, have placed

absolutely no restrictions on Defendant D'Agostino.

57.     Despite being put on notice of Defendant D'Agostino's physical and emotional abuse of Minor Plaintiff, not one of the Defendants has filed a child abuse report with the Department of Social Services as required under M.G.L. c. 119 § 51A.

58.     Despite being put on notice of Defendant D'Agostino's physical and emotional abuse of Minor Plaintiff, not one of the Defendants has notified the Middlesex District Attorney's Office, the Arlington Police Department or the Commonwealth of Massachusetts' Department of Education regarding the physical and emotional abuse of Minor Plaintiff.

59.     Defendants have persistently acted and continue to act with deliberate indifference to the discrimination perpetrated against Minor Plaintiff. Despite being put on notice of Defendant D'Agostino's proclivity for physically and emotionally abusing minors in her classroom, Defendants refused to take remedial steps to prevent Defendant D'Agostino from physically and emotionally abusing Minor Plaintiff and other minors and deny that Minor Plaintiff was abused in any way. Upon information and belief, Defendants, to this day, have failed to take any remedial action to prevent Defendant D'Agostino from harassing and emotionally abusing minors in her classroom.

60.     Defendants have engaged in a continuing pattern and practice of deliberate indifference to the civil rights of Minor Plaintiff.

61.     As a direct and proximate result of Defendants' reckless and discriminatory actions, Minor Plaintiff has suffered serious emotional and physical distress, mental anguish and interference with her education. Minor Plaintiff has also been deprived of the advantages, privileges and course of study of a public school

education.  On her behalf, Mother Doe and Father Do have incurred substantial legal and medical fees and costs which damages continue to this date.

### COUNT I – Assault and Battery
### as to Defendant Lei Lanie D'Agostino

62.     The Plaintiffs incorporate and reallege herein the allegations made in paragraphs 1 through 61 above.

63.     With malice and without consent or justification, Defendant D'Agostino committed assault and battery upon Minor Plaintiff by physically and emotionally abusing Minor Plaintiff as more fully alleged above.

64.     As a direct and proximate cause of such deprivation, Minor Plaintiff suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish and invasion of her bodily integrity.

### COUNT II – Intentional Infliction of Emotional Distress
### as to Defendant Lei Lanie D'Agostino

65.     The Plaintiffs incorporate and reallege herein the allegations made in paragraphs 1 through 64 above.

66.     As a result of the intentional, extreme and outrageous conduct of Defendant D'Agostino as more fully alleged above, Minor Plaintiff suffered severe emotional distress and other injuries which Defendant D'Agostino knew or should have known would be and was the likely result of her actions.

### COUNT III – Negligence
### as to Defendant Lei Lanie D'Agostino

67.     The Plaintiffs incorporate and reallege herein the allegations made in paragraphs 1 through 66 above.

68.     Defendant D'Agostino owed a duty to exercise reasonable care to protect Minor Plaintiff from physical and emotional abuse.

69.     Defendant D'Agostino breached that duty by her wrongful conduct in verbally and physically abusing Minor Plaintiff and/or by failing to correct such conduct, to seek professional treatment and/or to remove herself from a position of responsibility for the care of Minor Plaintiff.

70.     By both her actions and inactions, Defendant D'Agostino caused Minor Plaintiff to suffer repeated physical, verbal and emotional abuse and mental anguish.

71.     As a direct and proximate result of Defendant D'Agostino's negligence, Minor Plaintiff suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish and invasion of her bodily integrity.

## COUNT IV - Violation of M.G.L. c. 12, § 11(I) as to Defendant Lei Lanie D'Agostino

72.     The Plaintiffs incorporate and reallege herein the allegations made in paragraphs 1 through 71 above.

73.     Defendant D'Agostino, in violation of the Massachusetts Civil Rights Act, Mass. Gen. L. c. 12, § 11(I), interfered or attempted to interfere by threats, intimidation and coercion with Minor Plaintiff's exercise and enjoyment of rights secured under the Constitution and laws of the Commonwealth of Massachusetts and the United States.

74.     As a direct and proximate cause of such deprivation, Minor Plaintiff suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish and invasion of her bodily integrity.

## COUNT V - Violation of M.G.L. c. 76, § 5
### as to Defendant Lei Lanie D'Agostino

75.     The Plaintiffs incorporate and reallege herein the allegations made in paragraphs 1 through 74 above.

76.     Defendant D'Agostino's harassing and abusive conduct violated Minor Plaintiff's right under M.G.L. c. 76, § 5 to nondiscrimination in her attendance at the Brackett School. M.G.L. c. 76, § 5 prohibits discrimination based on sex, for all students "in obtaining the advantages, privileges and courses of study of such public schools."

77.     As a direct and proximate cause of such harassing and abusive conduct, Minor Plaintiff suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish and invasion of her bodily integrity.

## COUNT VI - Violation of 42 U.S.C. § 1983
### as to Defendant Lei Lanie D'Agostino

78.     The Plaintiffs incorporate and reallege herein the allegations made in paragraphs 1 through 77 above.

79.     Each and every act and omission alleged herein was done by the defendants not only as individuals, but also under the color and pretenses of the statutes, ordinances, regulations, customs, and usages of the Commonwealth of Massachusetts, and the rules, policies, and direction of the Arlington Public Schools, having been clothed with actual and apparently authority by the governing body, the Arlington School Committee and/or Arlington.

80.     Defendant D'Agostino acted with deliberate indifference or gross negligence in physically and emotionally abusing Minor Plaintiff.

81.     Minor Plaintiff has been deprived by Defendant D'Agostino, under color of law, of the rights, privileges and immunities secured by the Constitution and laws of

the United States including, without limitation, their right to be free from intrusions into
her bodily integrity and her right to an education.

82.    As a direct and proximate cause of such deprivation, Minor Plaintiff
suffered physical injuries, indignities, humiliation, severe emotional distress, mental
anguish and invasion of her bodily integrity.

83.    As a direct and proximate cause of such deprivation, Mother Doe and
Father Doe suffered indignities, humiliation, severe emotional distress and mental
anguish.

### COUNT VII – Loss of Consortium (Mass. Gen. L. c. 231, § 85X)
### as to Defendant Lee Lanie D'Agostino

84.    The Plaintiffs incorporate and reallege herein the allegations made in
paragraphs 1 through 83 above.

85.    As a direct and proximate cause of Defendant D'Agostino's abusive
conduct and the severe physical and emotional injury such conduct caused Minor
Plaintiff, Mother Doe and Father Doe lost the enjoyment of Minor Plaintiff's society and
companionship.

### COUNT VIII – Intentional Infliction of Emotional Distress
### as to Defendant Nicole E. Carrie

86.    The Plaintiffs incorporate and reallege herein the allegations made in
paragraphs 1 through 85 above.

87.    As a result of the intentional, extreme and outrageous conduct of
Defendant Carrie as more fully alleged above, Minor Plaintiff suffered severe emotional
distress and other injuries which Defendant Carrie knew or should have known would be
and was the likely result of her actions.

## COUNT IX – Negligence
## as to Defendant Nicole E. Carrie

88.     The Plaintiffs incorporate and reallege herein the allegations made in
paragraphs 1 through 87 above.

89.     Defendant Carrie owed a duty to exercise reasonable care to protect Minor
Plaintiff from physical and emotional abuse.

90.     Defendant Carrie breached that duty by her wrongful conduct in verbally
abusing Minor Plaintiff and/or by failing to correct such conduct, to seek professional
treatment and/or to remove Defendant D'Agostino and/or herself from a position of
responsibility for the care of Minor Plaintiff.

91.     By both her actions and inactions, Defendant Carrie caused Minor
Plaintiff to suffer repeated physical, verbal and emotional abuse and mental anguish.

92.     As a direct and proximate result of Defendant Carrie's negligence, Minor
Plaintiff suffered physical injuries, indignities, humiliation, severe emotional distress,
mental anguish and invasion of her bodily integrity.

## COUNT X - Violation of 42 U.S.C. § 1983
## as to Defendant Nicole E. Carrie

93.     The Plaintiffs incorporate and reallege herein the allegations made in
paragraphs 1 through 92 above.

94.     Each and every act and omission alleged herein was done by the
defendants not only as individuals, but also under the color and pretenses of the statutes,
ordinances, regulations, customs, and usages of the Commonwealth of Massachusetts,
and the rules, policies, and direction of the Arlington Public Schools, having been clothed
with actual and apparently authority by the governing body, the Arlington School
Committee and/or Arlington.

95.     Defendant Carrie acted with deliberate indifference or gross negligence in physically and emotionally abusing Minor Plaintiff.

96.     Minor Plaintiff has been deprived by Defendant Carrie, under color of law, of the rights, privileges and immunities secured by the Constitution and laws of the United States including, without limitation, their right to be free from intrusions into her bodily integrity and her right to an education.

97.     As a direct and proximate cause of such deprivation, Minor Plaintiff suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish and invasion of her bodily integrity.

98.     As a direct and proximate cause of such deprivation, Mother Doe and Father Doe suffered indignities, humiliation, severe emotional distress and mental anguish.

## COUNT XI – Loss of Consortium (Mass. Gen. L. c. 231, § 85X)
### as to Defendant Nicole E. Carrie

99.     The Plaintiffs incorporate and reallege herein the allegations made in paragraphs 1 through 98 above.

100.    As a direct and proximate cause of Defendant Carrrie's abusive conduct and the severe emotional injury such conduct caused Minor Plaintiff, Mother Doe and Father Doe lost the enjoyment of Minor Plaintiff's society and companionship.

## COUNT XII – Negligence
### as to Defendant Robert Penta

101.    The Plaintiffs incorporate and reallege herein the allegations made in paragraphs 1 through 100 above.

102.    Defendants Penta owed a duty to exercise reasonable care to protect Minor Plaintiff from physical and emotional abuse.

103.    Defendants Penta breached that duty by failing to protect Minor Plaintiff from Defendant D'Agostino's physical and emotional abuse where he had notice of Defendant D'Agostino's physical and emotional abuse of minor students for over six years and failed to correct such conduct, to seek professional treatment and/or remove Defendant D'Agostino from a position of responsibility for the care of Minor Plaintiff or other minor students.

104.    By both his actions and inactions, Defendant Penta caused Minor Plaintiff to suffer repeated physical, verbal and emotional abuse.

105.    As a direct and proximate result of Defendant Penta's negligence, Minor Plaintiff suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish and invasion of her bodily integrity.

## COUNT XIII - Violation of M.G.L. c. 76, § 5
## as to Defendant Robert Penta

106.    The Plaintiffs incorporate and reallege herein the allegations made in paragraphs 1 through 105 above.

107.    Defendant Penta's failure to protect Minor Plaintiff from Defendant D'Agostino's harassing and abusive conduct violated Minor Plaintiff's right under M.G.L. c. 76, § 5 to nondiscrimination in her attendance at the Brackett School. M.G.L. c. 76, § 5 prohibits discrimination based on sex, for all students "in obtaining the advantages, privileges and courses of study of such public schools."

108.    As a direct and proximate cause of Defendant Penta's failure to protect Minor Plaintiff from Defendant D'Agostino, Minor Plaintiff suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish and invasion of her bodily integrity.

109.    Minor Plaintiff suffered physical and emotional injury.

## COUNT XIV - Violation of 42 U.S.C. § 1983
### as to Defendant Robert Penta

110.    The Plaintiffs incorporate and reallege herein the allegations made in paragraphs 1 through 109 above.

111.    Each and every act and omission alleged herein was done by the defendants not only as individuals, but also under the color and pretenses of the statutes, ordinances, regulations, customs, and usages of the Commonwealth of Massachusetts, and the rules, policies, and direction of the Arlington Public Schools, having been clothed with actual and apparently authority by the governing body, the Arlington School Committee and/or Arlington.

112.    Defendant Penta acted with deliberate indifference or gross negligence in failing to prevent Defendant D'Agostino from physically and emotionally abusing Minor Plaintiff.

113.    Minor Plaintiff has been deprived by Defendant Penta, under color of law, of the rights, privileges and immunities secured by the Constitution and laws of the United States including, without limitation, their right to be free from intrusions into her bodily integrity and her right to an education.

114.    As a direct and proximate cause of such deprivation, Minor Plaintiff suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish and invasion of her bodily integrity.

115.    As a direct and proximate cause of such deprivation, Mother Doe and Father Doe suffered indignities, humiliation, severe emotional distress and mental anguish.

### COUNT XV – Loss of Consortium (Mass. Gen. L. c. 231, § 85X)
### as to Defendant Robert Penta

116.  The Plaintiffs incorporate and reallege herein the allegations made in paragraphs 1 through 115 above.

117.  As a direct and proximate cause of Defendant Penta's failure to protect Minor Plaintiff from D'Agostino's abusive conduct and the severe physical and emotional injury such conduct caused Minor Plaintiff, Mother Doe and Father Doe lost the enjoyment of Minor Plaintiff's society and companionship.

### COUNT XVI – Negligence
### as to Defendants Kathleen F. Donovan, Joani LaMachia,
### David W. McKenna, Denis J. Sullivan, and Barbara C. Goodman,
### Suzanne Owayda, Paul Schlichtman and Martin J. Thrope, in both
### their individual and official capacities and the Arlington School Committee

118.  The Plaintiffs incorporate and reallege herein the allegations made in paragraphs 1 through 117 above.

119.  Defendants owed a duty to exercise reasonable care to protect Minor Plaintiff from physical and emotional abuse.

120.  Defendants breached that duty by failing to protect Minor Plaintiff from Defendant D'Agostino's physical and emotional abuse where they had notice of Defendant D'Agostino's physical and emotional abuse of minor students and failed to correct such conduct, to seek professional treatment and/or remove Defendant D'Agostino from a position of responsibility for the care of Minor Plaintiff or other minor students.

121.  By both their actions and inactions, Defendants caused Minor Plaintiff to suffer physical injuries, indignities, humiliation, severe emotional distress, mental anguish and invasion of her bodily integrity.

122.    As a direct and proximate result of Defendants' negligence, Minor

Plaintiff suffered serious physical and emotional injuries, as more fully alleged above.

### COUNT XVII - Violation of M.G.L. c. 76, § 5
### as to Defendants Kathleen F. Donovan, Joani LaMachia,
### David W. McKenna, Denis J. Sullivan, and Barbara C. Goodman,
### Suzanne Owayda, Paul Schlichtman and Martin J. Thrope, in both
### their individual and official capacities and the Arlington School Committee

123.    The Plaintiffs incorporate and reallege herein the allegations made in

paragraphs 1 through 122 above.

124.    Defendants' failure to protect Minor Plaintiff from Defendant

D'Agostino's harassing and abusive conduct violated Minor Plaintiff's right under

M.G.L. c. 76, § 5 to nondiscrimination in her attendance at the Brackett School.  M.G.L.

c. 76, § 5 prohibits discrimination based on sex, for all students "in obtaining the

advantages, privileges and courses of study of such public schools."

125.    As a direct and proximate cause of Defendants' failure to protect Minor

Plaintiff from Defendant D'Agostino, Minor Plaintiff suffered physical injuries,

indignities, humiliation, severe emotional distress, mental anguish and invasion of her

bodily integrity.

### COUNT XVIII - Violation of 42 U.S.C. § 1983
### as to Defendants Kathleen F. Donovan, Joani LaMachia,
### David W. McKenna, Denis J. Sullivan, and Barbara C. Goodman,
### Suzanne Owayda, Paul Schlichtman and Martin J. Thrope

126.    The Plaintiffs incorporate and reallege herein the allegations made in

paragraphs 1 through 125 above.

127.    Each and every act and omission alleged herein was done by the

defendants not only as individuals, but also under the color and pretenses of the statutes,

ordinances, regulations, customs, and usages of the Commonwealth of Massachusetts,

and the rules, policies, and direction of the Arlington School Committee, having been clothed with actual and apparently authority by the governing body, the Arlington School Committee.

128.    Minor Plaintiff has been deprived by the Defendants, under color of law, of the rights, privileges and immunities secured by the Constitution and laws of the United States including, without limitation, her right to be free from intrusions into her bodily integrity and to a public education.

129.    As a direct and proximate cause of such deprivation, Minor Plaintiff suffered physical injuries, indignities, and humiliation, severe emotional distress, mental anguish and invasion of her bodily integrity.

130.    As a direct and proximate cause of such deprivation, Mother Doe and Father Doe suffered indignities, humiliation, severe emotional distress and mental anguish.

### COUNT XIX – Violation of Mass. Gen. L. c. 258, § 2) as to defendant Arlington School Committee

131.    The Plaintiffs incorporate and reallege herein the allegations made in paragraphs 1 through 130 above.

132.    The Defendant School Committee, as Defendant D'Agostino's employer, is liable for Defendant D'Agostino's harassing and abusive conduct towards Minor Plaintiff during the course of Defendant D'Agostino's employment with Defendant School Committee and the resultant harm to Minor Plaintiff.

### COUNT XX – Violation of Title IX (Mass. Gen. L. c. 119, § 51A) as to defendant Town of Arlington

133.    The Plaintiffs incorporate and reallege herein the allegations made in paragraphs 1 through 132 above.

134.   Defendant Town denied Minor Plaintiff her right to education free from discrimination by failing to prevent and/or protect Minor Plaintiff from Defendant D'Agostino's physical and emotional abuse of Minor Plaintiff despite having notice of Defendant D'Agostino's physical and emotional abuse of minors and Minor Plaintiff.

135.   Defendant Town continues to act with deliberate indifference in failing to prevent minors from Defendant D'Agostino's physical and emotional abuse.

136.   As a direct and proximate cause of such deprivation, Minor Plaintiff suffered over nine months of physical injuries, indignities, humiliation, severe emotional distress, mental anguish and invasion of her bodily integrity and Minor Plaintiff continues to suffer emotional distress and mental anguish to this day.

### COUNT XXI – Failure to Report Child Abuse (Mass. Gen. L. c. 119, § 51A) as to all Defendants

137.   The Plaintiffs incorporate and reallege herein the allegations made in paragraphs 1 through 136 above.

138.   Under Mass. Gen. L. c. 119, § 51A, each and every Defendant had a duty to immediately report the physical and emotional abuse that Defendant D'Agostino was inflicting on her minor students and Minor Plaintiff to the Department of Social Services and to file a written report thereafter regarding Defendant D'Agostino's physical and emotional abuse of her minor students and Minor Plaintiff.

139.   Each and every Defendant failed to report the physical and emotional abuse that Defendant D'Agostino was inflicting on her minor students and Minor Plaintiff to the Department of Social Services.

140.   As a direct and proximate result of each and every Defendant's failure to report the physical and emotional abuse that Defendant D'Agostino was inflicting on

Minor Plaintiff to the Department of Social Services, Defendant D'Agostino's physical and emotional abuse of Minor Plaintiff continued for over nine months causing Minor Plaintiff to suffer physical injuries, indignities, humiliation, severe emotional distress, mental anguish and invasion of her bodily integrity.

## RELIEF REQUESTED

WHEREFORE, plaintiffs Jane Doe, ppa Mother Doe, Mother Doe, individually and Father Doe, individually claim judgment against the defendants jointly and severally as follows:

A.    compensatory damages in an amount warranted by the evidence at trial;

B.    punitive damages in an amount warranted by the evidence at trial;

C.    reasonable attorneys' fees and the costs incurred in this action; and,

D.    such other relief as permitted by statute and as this court shall deem fair and equitable.

## JURY DEMAND

The Plaintiffs hereby demand a trial by jury on all claims and issues so triable.

Respectfully submitted,
Plaintiffs, JANE DOE, ppa Mother Doe,
MOTHER DOE, individually and
FATHER DOE, individually,
by their attorneys,

Harold Jacobi, III (BBO #248980)
Nancy Sue Keller (BBO #644515)
Jacobi & Associates
Four Militia Drive, Suite 14
Lexington, MA  02421
Tel. 781-274-0405

Dated:  June 26, 2002

32